UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JOSEPH MICHAEL DEVON ENGEL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:20-cv-01896-SEP |
| | ) |
| DESOTO VILLAS NURSING HOME, et al., | ) |
| | ) |
| Defendant. | ) |

## **MEMORANDUM AND ORDER**

Before the Court is the application of self-represented Plaintiff Joseph Michael Devon Engel, an incarcerated person at Missouri Eastern Correctional Center (MECC), for leave to proceed in the district court without prepayment of fees and costs. For the reasons set forth below, the Court will grant Plaintiff's application and assess an initial partial filing fee of $1.00.[1] Additionally, the Court will dismiss the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

### **Initial Partial Filing Fee**

Under 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* must pay the full filing fee. If the prisoner has insufficient funds in his or her prison account to pay the fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff's application to proceed in the district court without prepaying fees or costs, which is in the body of his Complaint, states that he receives $5 per month at Eastern Reception

---

[1] Plaintiff has not filed a separate document entitled "Application to Proceed in District Court without Prepaying Fees or Costs," but rather includes this application within the body of his Complaint. *See* Doc. [1] at 1. The Court liberally construes the application as a motion.

Diagnostic Correctional Center (ERDCC).² He has not submitted a certified account statement as required by 28 U.S.C. § 1915(a)(2). Based on Plaintiff's self-disclosed financial information, the Court will grant his application to proceed in the district court without prepaying fees or costs and will assess an initial partial filing fee of $1.00. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (when a prisoner is unable to provide a court with a certified copy of his prison account statement, the court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner's finances"). Any claim that Plaintiff is unable to pay $1.00 must be supported by a certified copy of his inmate account statement that details his inmate account for the six-month period immediately preceding the filing of the Complaint.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court must dismiss a complaint filed *in forma pauperis* if the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. When reviewing a complaint filed by a self-represented person under 28 U.S.C. § 1915, the Court accepts well-pled facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984), and liberally construes the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that "if the essence of an allegation is discernible," the Court "should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). Even self-represented plaintiffs must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the self-represented plaintiff).

To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

---

² Plaintiff is currently incarcerated at MECC, but he was incarcerated at ERDCC at all times relevant to his complaint.

2

alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). While federal courts should not dismiss an action commenced *in forma pauperis* if the facts alleged are merely unlikely, the court can properly dismiss such an action as factually frivolous if the facts alleged are found to be "clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (quoting *Neitzke,* 490 U.S. at 327). Allegations are "clearly baseless" if they are "fanciful," "fantastic," or "delusional." *Id.* (quoting *Neitzke*, 490 U.S. at 325, 327, 328). "As those words suggest, a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Id.* at 33.

An action is malicious when it is undertaken with the intent to harass or when it is part of a longstanding pattern of abusive and repetitious lawsuits. *See Lindell v. McCallum*, 352 F.3d 1107, 1109 (7th Cir. 2003); *In re Tyler*, 839 F.2d 1290, 1293 (8th Cir. 1988) (per curiam); *Cochran v. Morris*, 73 F.3d 1310, 1316 (4th Cir. 1996) (courts may consider plaintiff's litigious conduct outside the complaint to determine whether action is malicious).

**Background**

Plaintiff, a prisoner, is a frequent filer in the United States District Court for the Eastern District of Missouri, having initiated over 130 civil actions in the past several months. As of December 21, 2020, at least three of Plaintiff's civil actions had been dismissed for the reasons enumerated in 28 U.S.C. § 1915(e). *See Engel v. Governor of Missouri*, No. 20-cv-00217-HEA (E.D. Mo. dismissed Dec. 15, 2020); *Engel v. United States of America*, No. 20-cv-01742-MTS (E.D. Mo. dismissed Dec. 18, 2020); *Engel v. Missouri Courts*, No. 20-cv-01258-SPM (E.D. Mo. dismissed Dec. 21, 2020). Nevertheless, as this case was filed on December 11, 2020, it is not subject to the Prison Litigation Reform Act of 1996, 28 U.S.C. § 1915(g), which limits a prisoner's ability to proceed without prepayment of fees and costs.

**The Complaint**

Plaintiff brings this prisoner civil rights complaint under 42 U.S.C. § 1983 against 32 Defendants, including Desoto Villas Nursing Home and its unnamed directors, superintendents, supervisors, nurses, and medical technicians; the Mayor of Desoto; the Desoto Police Department; Security; Senior Citizen; Attorney General; Governor; Senator; Missouri House of

Representatives; Jefferson County Sheriff's Department; Missouri Baptist Hospital and its unspecified officers and directors, doctors, and unnamed nurses.

Plaintiff, a self-professed "sovereign citizen," prepared his Complaint on three sheets of notebook paper in a manner that follows the Court's form Prisoner Civil Rights Complaint. His complete Statement of Claim is as follows:

> I am writing this in regards to the fact of I [showed] up one night to visit my [Grandma] Madline Seeger and she ran up to me saying we had to get her away from [there] that someone tried to rape her she was crying very upset she had [urinated and defecated] all over her[.] [N]urse was yelling saying she deserved it I [illegible] out and was mad[e] to leave by police they did not care my Grandma was not crazy.

Doc. [1] at 2. For relief, Plaintiff seeks trillions of dollars from Defendants. He also states, "I want them to sign over ownership to my sis Lisa, Aunt Karn, Kathy, Linda, Threasa, Jakie. This lawsuit gets split up between me and my whole family. I want my family in Texas to move back up here all of them." *Id.* at 3.

## Discussion

After careful review of the instant Complaint and considering Plaintiff's recent history of abusive litigation practices, the Court finds that this case is subject to dismissal under 28 U.S.C. § 1915(e)(2)(B) on several grounds: it fails to state a claim upon which relief may be granted; it is frivolous; and it is malicious. Reading the Complaint liberally, the Court construes Plaintiff's allegations as tort allegations of negligence brought on behalf of his grandmother against a nursing home or medical facility. Additionally, the Court construes Plaintiff's allegations that he was forced to leave the facility as a § 1983 claim against police.

As an initial matter, Plaintiff's putative status as a "sovereign citizen" does not excuse him from meeting basic pleading requirements or satisfying the standard of 28 U.S.C. § 1915(e)(2). Claims of "sovereign citizenship" lack merit and have been summarily rejected as frivolous by the Eighth Circuit Court of Appeals and other federal courts. *See United States v. Hart*, 701 F.2d 749, 750 (8th Cir. 1983) (appeal in tax case challenging government's jurisdiction over "sovereign citizen" was frivolous); *United States v. Benabe*, 654 F.3d 753, 761-67 (7th Cir. 2011) (collecting cases rejecting claims of individual sovereignty).

As to the substance of the Complaint, the first defect is that Plaintiff may not bring a claim on behalf of his grandmother. He has no standing to bring a claim unless he alleges a personal loss. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985) ("A prisoner must allege a personal loss."); *Miner v. Brackney*, 719 F.2d 954, 956 (8th Cir. 1983) (plaintiff had no

4

"standing to assert" a constitutional claim on behalf of another person). Moreover, because he is not an attorney, he can plead and conduct only his own case. *See* 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel . . . .").

Plaintiff's Complaint also states, "I [illegible] out and was mad[e] to leave by police[.] [T]hey did not care my grandma was not crazy." Even construed liberally, those allegations do not state any claim against police for violations of Plaintiff's constitutional rights. He does not allege, for example, that the police used unlawful force or that he was unlawfully arrested or imprisoned following his exit from the nursing facility.

In addition, Plaintiff does not mention any of the 32 Defendants by name in his allegations or connect any named Defendant with any specific action in the allegations of his Complaint. "Liability under § 1983 requires a causal link to, and direct responsibility for, the deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990); *see also Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (to be cognizable under § 1983, a claim must allege that the defendant was personally involved in or directly responsible for the incidents that deprived the plaintiff of his constitutional rights). Plaintiff does not allege that any Defendants did anything to violate his rights. *See Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974) ("Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed, even under the liberal construction to be given pro se complaints."); *see also Krych v. Hvass*, 83 F. App'x 854, 855 (8th Cir. 2003) (affirming dismissal of *pro se* complaint against defendants who were merely listed as defendants in the complaint and there were no allegations of constitutional harm against them). As such, Plaintiff does not state a § 1983 claim against Defendants.

This action must also be dismissed as frivolous because Plaintiff's allegations lack an arguable basis in either law or in fact. In the Complaint, Plaintiff alleges he is entitled to recover trillions of dollars in damages from 32 Defendants, for a claim that utterly lacks factual support. Such demands and allegations rise to the level of the irrational or wholly incredible. The Court therefore concludes that Plaintiff's allegations and requested relief are "clearly baseless." *Denton*, 504 U.S. at 31.

And this action is also subject to dismissal as malicious. Plaintiff has submitted to this Court an astonishing number of civil complaints, in a short period of time, composed in roughly

the same factually unsupported and disjointed manner, against substantially similar groups of governmental entities and their employees. Plaintiff submits the pleadings in bulk and specifies that he intends each set of pleadings to be docketed as an individual civil action. His other 100+ sets of allegations and claims for damages are similar to those in the instant action. It appears, therefore, that this action is part of an attempt to harass Defendants by bringing repetitious lawsuits, not a legitimate attempt to vindicate any cognizable right. *See Tyler*, 839 F.2d at 1292-93 (action is malicious when part of longstanding pattern of abusive and repetitious lawsuits); *Spencer v. Rhodes*, 656 F. Supp. 458, 461-64 (E.D.N.C. 1987), *aff'd* 826 F.2d 1061 (4th Cir. 1987) (action is malicious when undertaken for purpose of harassing defendants rather than vindicating a cognizable right).

Considering the instant Complaint and Plaintiff's recent history of abusive litigation practices, the Court concludes that it would be futile to permit Plaintiff to file an amended complaint in this action. Instead, the Court dismisses this action under 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief may be granted and for being both frivolous and malicious.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's application to proceed in the district court without prepayment of fees and costs is **GRANTED**.

**IT IS FURTHER ORDERED** that the Plaintiff shall pay an initial filing fee of $1.00 within **twenty-one (21) days** of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FINALLY ORDERED** that this action is **DISMISSED without prejudice**, pursuant to 28 U.S.C. § 1915(e)(2)(B).

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 1st day of July, 2021.

_/s/ Sarah E. Pitlyk_
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE